KOTESKY *v.* DAVIS.

1. COVENANTS—RECIPROCAL NEGATIVE EASEMENTS—COMMON OWNER
—SPECIFIC PERFORMANCE.
Reciprocal negative easements must start with a common owner,
hence, defendants in suit for specific performance may not inter-
pose a claim therein that plaintiffs were using the land for pur-
poses against which it was restricted by the land contract under
record failing to show defendants owned or had any interest in
other property in the vicinity, which the restriction might bene-
fit, either at the time of trial, commencement of suit or sale to
plaintiffs and it affirmatively appears to the contrary.

2. VENDOR AND PURCHASER—RESTRICTIONS—EXECUTORY LAND CON-
TRACT—PAYMENT IN FULL.
The vendor's interest in the property generally will support an
express restriction in a land contract while it remains ex-
ecutory and the vendor has an interest in preserving his se-
curity, but that interest ended when the purchaser paid the
purchase price in full and became entitled to a conveyance.

3. COVENANTS—RESTRICTIONS.
Restrictions are not favored in law.

4. SAME—USE RESTRICTIONS—PRIOR GRANTEES OF COMMON OWNER.
An express restriction upon the use of land, contained in land
contract sought to be specifically enforced, may not, in the
absence of some general building scheme or plan, be regarded
as inuring to the benefit of contiguous property previously
conveyed by the vendor and prior grantees cannot enforce such
covenants that are not retroactive.

REFERENCES FOR POINTS IN HEADNOTES
[1] 14 Am Jur, Covenants, Conditions, and Restrictions § 311 *et seq.*
Who may enforce restrictive covenant or agreement as to use of
property. 21 ALR 1281, 33 ALR 676, 60 ALR 1223, 89 ALR
812.
[2] 14 Am Jur, Covenants, Conditions, and Restrictions § 310.
[3] 14 Am Jur, Covenants, Conditions, and Restrictions § 206.
[4] 14 Am Jur, Covenants, Conditions, and Restrictions §§ 319, 322.
[6] 39 Am Jur, Parties § 104.

5. APPEAL AND ERROR—QUESTIONS REVIEWABLE—SPECIFIC PERFORM-
ANCE—PARTIES.

Whether other parties than plaintiff purchasers and defendant
vendors are necessary parties to a suit for specific performance
is not determined, where plaintiffs have paid purchase price
in full and defendants' claim that plaintiffs had violated re-
striction against using the property for residential or agri-
cultural purposes only was not sustained in suit for specific
performance.

6. SAME—QUESTIONS REVIEWABLE—PARTIES.

A challenge to the propriety of including one person as a party
defendant, made for the first time on appeal, comes too late.

Appeal from Genesee; Roth (Stephen J.), J. Sub-
mitted January 6, 1959. (Docket No. 5, Calendar
No. 47,431.) Decided February 20, 1959.

Bill by Homer Kotesky and Opal Kotesky against
Charles H. Davis, Anna M. Davis and Murray Davis
for specific performance of land contract. Decree
for plaintiffs. Defendants appeal. Affirmed.

*Ira D. Bare,* for plaintiffs.

*Howard J. Bueche,* for defendants.

DETHMERS, C. J. This is an appeal from a decree
for specific performance of a land contract. Plain-
tiffs have paid the purchase price in full. Defend-
ants refuse to convey and have served notice of in-
tention to forfeit the contract on the ground that
plaintiffs have violated its restriction reading as
follows:

"The above land shall be used for residential and/
or agricultural purposes only. The above land shall
not be used as a storage or sales place for used
autos, auto parts, trucks, junk, tin cans, paper, or
garbage."

The alleged violation consists of plaintiffs' use of the parcel of land involved as a roadway for access from a highway to other residential property.

Defendants had owned other parcels adjacent or near to the one in question, but had sold them before entering into the contract with plaintiffs. The record does not disclose that defendants owned or had any interest in other property in that vicinity either at the time of trial, commencement of suit, or sale to plaintiffs, and it affirmatively appears to the contrary.

Nothing can be claimed for defendants' position here on the theory of reciprocal negative easement inasmuch as it is not alleged or shown that defendants or any other prior common owner of this and adjacent parcels had imposed restrictions during the period of such common ownership upon this or the other parcels.

"If the owner of 2 or more lots, so situated as to bear the relation, sells 1 with restrictions of benefit to the land retained, the servitude becomes mutual, and, during the period of restraint, the owner of the lot or lots retained can do nothing forbidden to the owner of the lot sold. * * * It must start with a common owner. Reciprocal negative easements are never retroactive; the very nature of their origin forbids. They arise, if at all, out of a benefit accorded land retained, by restrictions upon neighboring land sold by a common owner." *Sanborn* v. *McLean*, 233 Mich 227, 229, 230 (60 ALR 1212).

See, also, *Eveleth* v. *Best*, 322 Mich 637.

As far as an express restriction in a land contract is concerned, the vendor's interest in the property generally will support the restriction while the contract remains executory and the vendor has an interest in preserving his security. *Sloman* v. *Cutler*, 258 Mich 372. That vendor's interest of the defend-

ants ended, however, when plaintiffs paid the purchase price in full and became, except for the question of violation of the restriction, entitled to conveyance. Support for the restriction on that basis ceased at that time.

"Restrictions are not favored in law." *Putnam* v. *Ernst,* 232 Mich 682, 688; *Johnson* v. *Fred L. Kircher Company,* 327 Mich 377, 382.

"Where a restriction is confined within reasonable bounds, and the party in whose favor it is made has an interest in the subject matter of the restriction, or others in privity with him have such interest, it will be sustained." 7 Thompson on Real Property (Perm ed), § 3571, citing *Grigg* v. *Landis,* 21 NJ Eq 494; and *Los Angeles Terminal Land Co.* v. *Muir,* 136 Cal 36 (68 P 308). Defendants here are not shown to have an interest in the subject matter of the restriction or privity with others who have one, inasmuch as they own no other property, and did not at the time of sale to plaintiffs, which the restriction might benefit, and they retain no interest in the parcel in question. Such equity will not aid to enforce restrictions on the free use of real estate not favored in law.

Defendants' position is not helped by the fact of their ownership of neighboring parcels prior to the sale to plaintiffs on any theory of an interest in defendants in benefiting their previous grantees. As said in *Godley* v. *Weisman,* 133 Minn 1, 4 (157 NW 711, LRA1917A, 333):

"It may be conceded that where the owner of a lot subject to no building restrictions conveys it, and in the deed inserts restrictive covenants, those covenants cannot, in the absence of some general building scheme or plan, be regarded as inuring to the benefit of contiguous property previously conveyed by him, and prior grantees cannot enforce such covenants. *De Gray* v. *Monmouth Beach Club House*

*Co.,* 50 NJ Eq 329 (24 A 388); *Mulligan* v. *Jordan,* 50 NJ Eq 363 (24 A 543); *Summers* v. *Beeler,* 90 Md 474 (45 A 19, 48 LRA 54, 78 Am St Rep 446); *Doerr* v. *Cobbs,* 146 Mo App 342 (123 SW 547)."

Disposition of the case on the above grounds leaves it unnecessary to determine the question raised by defendants whether other persons are necessary parties to this action. Challenge to the propriety of including Murray Davis as a party defendant comes too late, when raised for the first time on appeal.

Decree affirmed, with costs to plaintiffs.

CARR, KELLY, SMITH, BLACK, EDWARDS, VOELKER, and KAVANAGH, JJ., concurred.