AUTO CLUB INSURANCE ASSOCIATION v FREDERICK &
HERRUD, INCORPORATED

Docket No. 96693. Submitted May 10, 1988, at Detroit. Decided March
6, 1989. Leave to appeal applied for.

Plaintiff, Auto Club Insurance Association, issued policies of no-
fault insurance which contained coordination of benefits clauses
providing that plaintiff was obligated to pay medical benefits
for injuries resulting from automobile accidents unless the
insureds were covered by another source providing such bene-
fits. Defendant, Frederick & Herrud, Inc., provided its employ-
ees with health and accident benefits. Its contract specifically
provided that benefits were not payable if the insured was
covered by no-fault insurance. Plaintiff brought an action
against defendant, alleging that it had paid no-fault benefits to
seven of its named insureds who were employees of defendant.
Plaintiff sought reimbursement of the amount paid on the basis
that defendant's contract was primary. Defendant alleged that
plaintiff's policies were primary. The Oakland Circuit Court,
Frederick C. Ziem, J., held that, because the contracts were
unambiguous, the proper remedy was to hold each party re-
sponsible for payment of one-half the benefits owed to the
insureds. Defendant appealed, and the plaintiff cross-appealed.
The Court of Appeals, after reviewing the legislative history
behind the statute at issue, concluded that the Legislature, in
providing that no-fault insurers were required to offer coordina-
tion of benefits options to their insureds, intended the health
and accident insurance coverage to be primary and the no-fault
coverage to be secondary. The case was remanded to the trial
court for entry of judgment and determination of liability. 145
Mich App 722 (1985). Defendant then moved in the circuit
court for leave to amend its answer to add the affirmative
defense that plaintiff's state claim was preempted by the Em-
ployee Retirement Income Security Act. The court denied the
motion to amend, finding no newly discovered facts and undue

REFERENCES

Am Jur 2d, Pensions and Retirement Funds § 115 et seq.

Pre-emption of state fair employment laws under provisions of sec.
514 of Employee Retirement Income Security Act (29 USCS sec.
1144). 72 ALRFed 489.

delay in bringing the motion. Defendant then moved for summary disposition, asserting that ERISA deprived the state court of subject matter jurisdiction over the dispute. The court denied the motion and entered judgment for plaintiff in the amount of $27,911.33. Plaintiff appealed.

The Court of Appeals *held:*

Plaintiff's claim is not preempted by ERISA.

Affirmed.

INSURANCE — NO-FAULT — COORDINATION OF BENEFITS — EMPLOYEE RETIREMENT INCOME SECURITY ACT PLANS.

The Employee Retirement Income Security Act does not preempt claims brought under the Michigan no-fault act coordination of benefits provision which has been interpreted to make health and accident insurance coverage primary and the no-fault coverage to be secondary; the Michigan no-fault coordination of benefits rule is the type of insurance regulation of an Employee Retirement Income Security Act plan that is not barred by ERISA's "deemer" clause (29 USC 1144; MCL 500.3109a; MSA 24.13109[1]).

*John Wesley Kline,* and *Gromek, Bendure & Thomas* (by *Nancy L. Bosh*), of Counsel, for plaintiff.

*Finkel, Whitefield & Selik, P.C.* (by *Bradley T. Raymond* and *Nancy Harris Pearce*), for defendant.

Before: GRIBBS, P.J., and MAHER and J. L. BANKS,* JJ.

J. L. BANKS, J. Defendant appeals as of right from a judgment entered in favor of plaintiff on November 3, 1986, and from interlocutory orders denying defendant's motion for leave to file a first amended answer and denying defendant's motion for summary disposition.

This is the second time this case is before this Court. The facts are detailed in *Auto Club Ins Ass'n v Frederick & Herrud, Inc,* 145 Mich App

---

* Circuit judge, sitting on the Court of Appeals by assignment.

722; 377 NW2d 902 (1985). This litigation involves a dispute between plaintiff and defendant as to which of them shall bear primary responsibility for medical and related expenses incurred by seven employees of defendant. These employees were covered by no-fault insurance policies issued by plaintiff. In our prior decision, we reversed the lower court's order holding each party responsible for payment of one-half the benefits owed to the insureds. 145 Mich App 734. Based on our review of the legislative history behind MCL 500.3109a; MSA 24.13109(1), we concluded that the Legislature, in providing that no-fault insurers were required to offer coordination of benefits options to their insureds, intended the health and accident insurance coverage to be primary and the no-fault coverage to be secondary. 145 Mich App 727-732.[1] We remanded this case for entry of judgment and determination of liability consistent with our opinion. 145 Mich App 734.

Following remand to the circuit court, defendant moved for leave to amend its answer to add the affirmative defense that plaintiff's state claim was preempted by the Employee Retirement Income Security Act (ERISA), 29 USC 1144(a). The circuit court denied the motion to amend, finding no newly discovered facts and undue delay in bringing the motion. Defendant then moved for summary disposition, asserting that ERISA deprived the state court of subject matter jurisdiction over the dispute. The circuit court denied defendant's motion for summary disposition and entered judgment for plaintiff in the amount of $27,911.33 (reimbursement in the amount of $16,560 plus statutory interest and costs).

[1] Our construction of the statute on this issue was approved and adopted by the Michigan Supreme Court in *Federal Kemper Ins Co, Inc v Health Ins Administration, Inc,* 424 Mich 537; 383 NW2d 590 (1986).

In this appeal defendant asserts that the trial court erred in denying its motion to amend its answer and in denying its motion for summary disposition. Defendant additionally argues that plaintiff's state claim is preempted by ERISA. While the circuit court did not consider the merits of the issue, and while ordinarily this Court will not review issues not first considered by the trial court, we choose to review the merits of the preemption issue. Our election to review this issue is made in the interests of justice, in recognition of the importance of the issue and the probability that it will again arise in future litigation, and because our decision on this issue renders moot the other issues presented in this appeal. *DeWitt Twp v Clinton Co,* 113 Mich App 709, 713; 319 NW2d 2 (1982).

Section 514(a) of ERISA provides:

> Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title. This section shall take effect on January 1, 1975. [29 USC 1144(a).]

It is undisputed that defendant's employee benefit plan[2] is a plan within the broad scope of ERISA and

[2] Defendant suggests that plaintiff, by filing suit against defendant corporation instead of the employee benefit plan, has sued the wrong party. Defendant, by failing to timely or properly raise this issue in the trial court, has waived any objection to being named as party defendant. *Kotesky v Davis,* 355 Mich 536, 540; 94 NW2d 796 (1959). Furthermore, it is not necessarily correct that the corporation was not a proper defendant. *Ombrello v Montgomery Ward Long Term Disability Trust,* 163 Mich App 816, 824; 415 NW2d 658 (1987), lv den 430 Mich 854 (1988).

subject to § 514(a). However, under ERISA, certain types of state laws are "saved" from federal preemption:

> Except as provided in subparagraph (B), nothing in this subchapter shall be construed to exempt or relieve any person from any law of any State which regulates insurance, banking, or securities. [29 USC 1144(b)(2)(A).]

The Michigan no-fault insurance act is a state act which regulates insurance. However, the saving clause of 29 USC 1144(b)(2)(A) is limited by 29 USC 1144(b)(2)(B), commonly called the "deemer" clause, which provides:

> Neither an employee benefit plan described in section 1003(a) of this title, which is not exempt under section 1003(b) of this title (other than a plan established primarily for the purpose of providing death benefits), nor any trust established under such a plan, shall be deemed to be an insurance company or other insurer, bank, trust company, or investment company or to be engaged in the business of insurance or banking for purposes of any law of any State purporting to regulate insurance companies, insurance contracts, banks, trust companies, or investment companies.

Defendant argues that its employee benefit plan is a self-funded plan, i.e., the benefits are paid by the plan itself without involvement by an outside insurance company and that as a self-funded plan it is not subject to the insurance laws of Michigan and accordingly is not "saved" from preemption under 514. Defendant's construction of the ERISA preemption, saving, and deemer clauses was adopted by a panel of this Court in *State Farm Mutual Automobile Ins Co v C A Muer Corp,* 154 Mich App 330; 397 NW2d 299 (1986). One of the

cases cited in *C A Muer Corp was Northern Group Services, Inc v State Farm Mutual Automobile Ins Co,* 644 F Supp 535 (ED Mich, 1986). Subsequent to issuance of the panel's decision in *C A Muer Corp,* the Sixth Circuit Court of Appeals issued its opinion in *Northern Group Services, Inc v Auto-Owners Ins Co,* 833 F2d 85 (CA 6, 1987), cert den — US —; 108 S Ct 1754; 100 L Ed 2d 216 (1988), reversing the Eastern District Court's decision.

The precise issue presented in *Northern Group Services* was whether § 3109a of the Michigan no-fault automobile insurance act, which requires coordination of benefits and state court interpretation of the provision making no-fault coverage secondary to other health and accident coverage, is preempted by conflicting ERISA provisions. In order to determine whether the Michigan law "regulates insurance" and thus falls within the saving provision, the Sixth Circuit followed the analysis set forth in *Metropolitan Life Ins Co v Massachusetts,* 471 US 724; 105 S Ct 2380; 85 L Ed 2d 728 (1985), and *Pilot Life Ins Co v Dedeaux,* 481 US 41; 107 S Ct 1549; 95 L Ed 2d 39 (1987), which requires examination of whether the practice at issue falls within the meaning of "business of insurance" covered by the *McCarran-Ferguson Act,* 15 USC 1011 *et seq.* That analysis requires consideration of three criteria: (1) whether the practice has the effect of transferring or spreading a policyholder's risk; (2) whether the practice is an integral part of the policy relationship between the insurer and the insured; and (3) whether the practice is limited to entities within the insurance industry. *Northern Group Services,* 833 F2d 90. The circuit court concluded that the Michigan coordination of benefits law "regulates insurance" and is therefore encompassed by the saving clause. *Id.*

The Sixth Circuit next examined the applicabil-

ity of the deemer clause to a self-insuring ERISA plan. Specifically, the court considered whether the deemer clause barred state regulation of coordination of benefits under a self-insured plan. 833 F2d 91. The court found that the deemer clause should not be construed as barring all state regulation of self-insured plans per se, but rather, resolution of the issue required consideration of the congressional intent behind the deemer clause, the federal interest in uniformity of administration of ERISA plans, the national policy favoring state primacy in the regulation of insurance, and the legislative intent behind the Michigan statutory benefits provision. The court held:

> Our reading of the savings and deemer clauses thus requires at a minimum that, for the deemer clause to override the savings clause in a given case, there must be some ERISA interest in uniformity to outweigh the McCarran-Ferguson interest in state regulation of insurance. When, as here, there is no demonstrated interest in national uniformity and preemption of state law would substantially disrupt a state regulatory scheme generally applicable to both insured and self-insured ERISA plans, as well as to insurers generally, the deemer clause does not bar regulation. To this limited degree, self-insured ERISA plans so regulated are not excluded from the savings clause by the deemer clause; they are thus subject to state insurance regulation pursuant to the savings clause. The Michigan no-fault coordination of benefits rule is the type of insurance regulation of an ERISA plan that is not barred by the deemer clause. [833 F2d 95.]

We believe the Sixth Circuit's construction of the pertinent ERISA provisions is persuasive and, as a federal court construing federal law, its decision

is controlling precedent. Defendant asserts it
should have been given the opportunity to plead as
a defense that plaintiff's claim for reimbursement
in accordance with the Michigan coordination of
benefits scheme is preempted by conflicting ERISA
provisions. Plaintiff's claim, however, is not
preempted. *Northern Group Services, Inc,* 833 F2d
95.

Our decision in this case renders it unnecessary
to consider the other issues raised on appeal. We
affirm the circuit court's judgment entered in fa-
vor of plaintiff.

Affirmed.