DeWITT TOWNSHIP SUPERVISOR v STATE TAX COMMISSION

Docket No. 56470. Argued December 6, 1975 (Calendar No. 6).—Decided August 27, 1976.

The Clinton County Board of Commissioners, in equalizing property tax assessments within the county, assigned an equalization factor of 1.0 to assessments in DeWitt Township, *i.e.,* the county equalized valuation was to be the same as the valuation assessed by the township. This equalization factor was adopted by the board on April 23, 1974, and no appeal was taken from it. On May 28, 1974, the State Tax Commission, in equalizing assessments among all the counties of the state, established a state equalization factor of 1.10 for Clinton County. This determination was not appealed. On July 1, 1974, the county notified its cities and townships that the state equalization factor would be applied to all assessing units in the county. The DeWitt Township Supervisor attempted to appeal, but the appeal was rejected by the State Tax Commission because it was not taken within five days after April 23, when the county equalization was adopted. The Court of Appeals, T. M. Burns, P. J., and Allen and Van Valkenburg, JJ., denied leave to appeal (Docket No. 17878). Plaintiff supervisor appeals. *Held:*

The plaintiff township was not aggrieved until the State Tax Commission raised the equalization factor after the plaintiff had been assessed at 50% of true market value and the equalization factor of 1.0 had been set by the board of commissioners. The action of the county in applying the state equalization factor was a new equalization within the meaning of the statute, and the appeal period started to run when the township was notified of that action. Under the facts of this case, the appeal was filed in a timely manner and in accordance with the statute.

Justice Lindemer, with Justices Coleman and Fitzgerald concurring, would also hold that the principle that a taxpayer

REFERENCES FOR POINTS IN HEADNOTES
[1] 16 Am Jur 2d, Constitutional Law §§ 335, 485 *et seq.*
[2–6] 72 Am Jur 2d, State and Local Taxation § 787.

seeking relief against tax discrimination must bear the burden
of seeking an upward revision of the taxes of the other mem-
bers of the class of taxpayer denies the protesting taxpayer
equal protection of the laws.

Reversed and remanded to the Tax Tribunal.

Justice Williams, with whom Chief Justice Kavanagh concur-
red, dissented:

1. The statute providing for appeal by a township supervisor
of intracounty equalization requires that the appeal be taken
within five days after·the adoption of the equalization report by
the county board. The present appeal was thus not timely. The
township is "aggrieved" so as to be able to take an appeal if
other units of the county have received better treatment, even
though the aggrieved township's equalization factor is 1.0.
Notification by the county on July 1 that the higher state
equalization factor would be applied to property in the town-
ship was not an "adoption of the equalization report" so as to
allow an appeal within five days after July 1.

2. If the plaintiff is appealing the intercounty equalization by
the State Tax Commission, a township has no statutory author-
ity to appeal the determination of state equalized valuation for
the county.

OPINION BY LINDEMER, J.

COLEMAN and FITZGERALD, JJ.

1. TAXATION—EQUAL PROTECTION—APPEAL AND ERROR.

*The principle that a taxpayer seeking relief against tax discrimi-
nation must bear the burden of seeking an upward revision of
the taxes of the other members of the class of taxpayer denies
the protesting taxpayer equal protection of the laws.*

OPINION OF THE COURT

2. TAXATION—EQUALIZATION—APPEAL AND ERROR—TIME FOR APPEAL.

An appeal from an intracounty tax assessment equalization was
filed in a timely manner and in accordance with the statute
where the appeal was filed by a township within five days after
notification from the county that a state equalization factor
established by the State Tax Commission would be applied to
all assessing units in the county, although the appeal was not
taken within five days after the intracounty equalization was
adopted by the county board of commissioners (MCL 211.34[2];
MSA 7.52[2]).

DISSENTING OPINION

KAVANAGH, C. J., and WILLIAMS, J.

3. TAXATION—EQUALIZATION—APPEAL AND ERROR—TIME FOR APPEAL.

*The statute governing intracounty equalization of tax assess-*

*ments provides in unambiguous language that an appeal from an equalization determination must be taken within five days after the adoption of the equalization report by the county board of commissioners, and an appeal attempted after the five days is not timely (MCL 211.34[2]; MSA 7.52[2]).*

4. Taxation—Equalization—Appeal and Error—"Aggrieved".

*A township may be aggrieved so as to entitle it to appeal intracounty equalization proceedings, even though it is assigned an equalization factor of 1.0, if other assessing units are accorded better treatment in the equalization proceedings (MCL 211.34[2]; MSA 7.52[2]).*

5. Taxation—Equalization—State Equalization—Townships—Appeal and Error.

*Notification by a county to its local tax assessing units that it is spreading back a state equalization factor greater than 1.0 uniformly on all units, resulting in an equalization factor for a particular township greater than that assigned in the intracounty equalization proceedings, is not an "adoption of the equalization report" within the meaning of the statute allowing the township to appeal its equalization within five days after such adoption (MCL 211.34[2]; MSA 7.52[2]).*

6. Taxation—Equalization—Townships—Intercounty Equalization.

*A township has no statutory authority to appeal the determination of state equalized valuation made for the county by the State Tax Commission.*

*Church, Wyble, Kritselis & Tesseris* (by *Thomas H. Hay)* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Richard R. Roesch* and *Lawrence W. Morgan,* Assistants Attorney General, for defendant.

Lindemer, J.

I

The facts of this case are recited in Justice Williams' opinion. We agree with appellant that

the pertinent statute as applied *in this case* deprived plaintiff of due process of law and equal protection under both the state and Federal Constitutions.

The United States Supreme Court in *Hillsborough Twp v Cromwell,* 326 US 620, 623; 66 S Ct 445, 448; 90 L Ed 358, 363 (1945), found the principle that one seeking relief against tax discrimination must bear the burden of seeking an upward revision of the taxes of the other members of the class to be a denial of the equal protection clause. The Court in *Hillsborough* said:

"The equal protection clause of the Fourteenth Amendment protects the individual from state action which selects him out for discriminatory treatment by subjecting him to taxes not imposed on others of the same class. The right is the right to equal treatment. He may not complain if equality is achieved by increasing the same taxes of other members of the class to the level of his own. The constitutional requirement, however, is not satisfied if a State does not itself remove the discrimination, but imposes on him against whom the discrimination has been directed the burden of seeking an upward revision of the taxes of other members of the class."

Our Court in *In re Appeal of General Motors Corp,* 376 Mich 373, 381; 137 NW2d 161 (1965), referred favorably to the *Hillsborough* decision.

## II

Plaintiff township was not aggrieved by the action of the board of commissioners in initially equalizing the valuations of the several townships. Therefore, plaintiff had no basis for appeal within the five-day period provided by statute.

When the equalization factor was raised by the

State Tax Commission to 1.10, after plaintiff already had been assessed at 50% of true market value, the township became aggrieved.

We cannot conclude that the Legislature intended to deprive a governmental unit in this situation of any right to appeal.

Instead we consider Clinton County's action after the STC determination to be a new equalization within the meaning of the statute. We find that the statutory appeal period ran until five days after DeWitt Township was notified by Clinton County that its assessment was raised.

In addition to the legal impediment, plaintiff-appellant has a massive practical impediment. To protect itself from discrimination under the terms proposed by appellee would require it to be conversant with the tax assessment procedures, methods and results not just within its own township but within all of the other taxing units in Clinton County. We cannot read the legislative enactment to require such an obviously burdensome result.

We hold that the appeal filed, under time elements presented in this case, was filed in timely manner and in accordance with the statute. We reverse and remand to the Tax Tribunal for further treatment in accordance herewith.

COLEMAN and FITZGERALD, JJ., concurred with LINDEMER, J.

LEVIN, J. I concur in part II.

RYAN, J., took no part in the decision of this case.

WILLIAMS, J. This case was argued and submitted to the Court with *Emmet County v State Tax Commission,* 397 Mich 550; 244 NW2d 909 (1976).

However, the issue raised in the instant appeal is quite different from the issues before us in *Emmet County*. We are asked, here, to decide whether plaintiff has taken a timely appeal from Clinton County intracounty equalization determinations in accordance with requirements of MCLA 211.34(2); MSA 7.52(2). We conclude that plaintiff has failed to comply with the requirements of this statute.

If what is actually being appealed is the State Tax Commission's *inter*county equalization, which resulted in Clinton County spreading back the State Tax Commission increased equalization assessment, the township has no authority under the statute to appeal the determination of state equalized valuation of Clinton County.


## I—Facts

In 1974 the assessment roll as presented to and approved by the DeWitt Township Board of Review established an aggregate real property assessment of $38,823,600. Pursuant to § 34 of the General Property Tax Law,[1] the Clinton County Board of Commissioners equalized the assessment rolls of the several townships and cities, including plaintiff township, within the county by adopting on April 23, 1974, a report recommended by the Clinton County Equalization Committee. The board, apparently concluding that DeWitt Township had assessed at 50% of the true cash value, assigned it an intracounty equalization factor of 1.0.

On May 28, 1974 the State Tax Commission, equalizing the various counties of the state (intercounty equalization) determined that the value of real property in Clinton County had been underassessed by approximately 10% and as a result

[1] MCLA 211.34; MSA 7.52.

established a corresponding intercounty equalization factor of 1.10.

Neither the Clinton County nor STC determinations were appealed by anyone.

On July 1, 1974 Clinton County advised its townships and cities that the 10% intercounty equalization factor established by the STC was to be applied to all units in the county. This meant that DeWitt Township's factor for real property would be changed to 1.10. The next day the De-Witt Township Supervisor addressed a communication to the Clinton County Clerk expressing his "wish to appeal the 1974 Clinton County Equalization". The Clerk transmitted this letter to the State Tax Commission which on July 11, 1974 notified plaintiff township that their appeal was being rejected because it had not been taken within five days from the adoption of the Clinton County equalization report on April 23, 1974.

Plaintiff's application for leave to appeal was denied by the Court of Appeals. On April 15, 1975 we granted leave to appeal. 394 Mich 759.

## II—Appeal From Intracounty Equalization Not Timely

The time frame in which a township may challenge intracounty equalization determinations is spelled out in § 34 of the General Property Tax Law. Section 34, as then applicable,[2] provided in pertinent part:

"Any supervisor of any township or city or the intermediate district board of education or the board of education of an incorporated city or village aggrieved by the action of the board of commissioners, in equaliz-

[2] Section 34 was amended by 1975 PA 243.

ing the valuations of the several townships or cities of the county, may appeal from such determination to the state tax commission in the manner herein provided. Whenever any supervisor or any board of education desires to appeal from the determination by the board of commissioners, he or it shall *within 5 days after the adoption of the equalization report,* file with the clerk of the board of commissioners a written or printed petition which shall set forth in detail the reasons for taking the appeal. The petition shall be signed and sworn to by the supervisor or majority of the members of the board of education taking the appeal; shall show that a certain township, city or school district has been discriminated against in such equalization, and shall pray that the state tax commission proceed at its earliest convenience to review the action from which appeal is taken." (Emphasis added.) MCLA 211.34(2); MSA 7.52(2).

The statute, in unambiguous language, provided that such appeals must be taken "within 5 days after the adoption of the equalization report". In 1974 the Clinton County Board of Commissioners adopted its equalization report on April 23rd. Plaintiff had five days from that date to challenge the intracounty equalization determinations, but failed to do so. Consequently, under § 34, DeWitt Township was precluded from taking an appeal.

Plaintiff argues that it was in no way aggrieved or discriminated against by the county board's April 23, 1974 intracounty equalization because application of the assigned factor (1.00) did not increase its assessed valuation and also no other township or city received an equalization factor of less than 1.00 and thus it could not be expected to appeal at that time. However, merely because a township receives a factor of 1.0 from the county and no other unit receives a factor of less than 1.0 does not mean that township has not been aggrieved by the county equalization process. For

example, if Township A assesses at 50% the cash value and Township B at 40% and the county in its intracounty equalization determination assigns both townships a factor of 1.0, Township B is receiving better treatment and Township A is at that time aggrieved and being discriminated against. Under the statute even if a township believes that the intracounty equalization factor applied to it is correct, it could and should appeal the county's equalization determinations if other units have received better treatment.

### III—Appeal From Intercounty Equalization by Township Not Authorized

Plaintiff also contends that the notification by Clinton County on July 1, 1974 that it was applying the 10% intercounty equalization figure imposed by the STC constituted "the adoption of the equalization report" within the meaning of § 34. In effect plaintiff township seeks to appeal from the STC intercounty equalization. This Court cannot accept such a strained interpretation of this statute. The county was merely spreading back the equalization factor imposed by the STC in its intercounty equalization, and the statute authorizes no appeal from this.

Intracounty equalization is the process whereby the county is responsible for adjusting the assessed valuations of the townships and cities to insure equality and uniformity. The time to challenge the county's actions under the statute is immediately after they make these adjustments and not after the STC has imposed its equalization factor to equalize assessments among the various counties.

If what is actually being appealed is the State Tax Commission's *inter*county equalization, which

resulted in Clinton County spreading back the State Tax Commission increased equalization assessment, the township has no authority under the statute to appeal the determination of state equalized valuation of Clinton County.

We are not unmindful of the burdens such an appeal process imposes on local taxing units. In a very real sense the statute forces townships and cities to mind their brother's business as well as their own. While there may be some objection to such a practice, that is what the Legislature has enacted. This Court is duty-bound to apply the laws as written. Under § 34 plaintiff has not taken a timely appeal.

No costs, a public question being involved.

KAVANAGH, C. J., concurred with WILLIAMS, J.