LUCAS v WAYNE COUNTY ELECTION COMMISSION

Docket No. 81054. Submitted July 25, 1985, at Detroit.—Decided November 4, 1985. Leave to appeal denied, 424 Mich —.

Wayne County adopted a home-rule charter which took effect on January 1, 1983, establishing a county government with a chief executive officer. The charter provided that the elective offices of the sheriff, prosecuting attorney, county clerk, treasurer, register of deeds, and drain commissioner were to be filled for only a two-year term, from January 1, 1985, to December 31, 1986. Thereafter successors to those offices would be elected for four-year terms, in the same general election during which the governor and the chief executive officer would be elected. In 1980, the sheriff, prosecuting attorney, county clerk, treasurer, register of deeds, and drain commissioner were all elected to four-year terms which would expire on January 1, 1985. The Wayne County Election Commission and Lawrence N. Verbiest, the Wayne County Director of Elections, maintained that, the new county charter notwithstanding, the prior procedure whereby the officials are elected to four-year terms that are not concurrent with the term of the governor and the chief executive officer remained in effect in Wayne County pursuant to the 1963 Michigan Constitution and state statutes. In February, 1984, William Lucas, the elected chief executive officer of Wayne County, filed a complaint for declaratory relief in Wayne Circuit Court, naming the Wayne County Election Commission and Lawrence N. Verbiest as defendants, seeking to have the sheriff, prosecuting attorney, county clerk, treasurer, register of deeds and the drain commissioner all elected to two-year terms in the 1984 general election. Plaintiff also sought a declaration that art 7, § 4 of the Michigan Constitu-

REFERENCES FOR POINTS IN HEADNOTES

[1] Am Jur 2d, Constitutional Law §§ 84-149.
[2, 3] Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions § 255.
See the annotations in the ALR3d/4th Quick Index under Public Officers and Employees.
[4] Am Jur 2d, Statutes §§ 97 et seq.
[5] Am Jur 2d, Statutes § 154.
[6] Am Jur 2d, Appeal and Error § 785.

tion, which mandates four-year terms for the sheriff, county clerk, treasurer, register of deeds and prosecuting attorney of each organized county, does not apply to a county which approves a county charter pursuant to art 7, § 2 of the constitution, which permits the organization of county government in a form different from that set forth in the constitution. Charles N. Youngblood, the Wayne County Drain Commissioner, and James R. Killeen, the Wayne County Clerk, intervened as parties defendant. The court, Marvin R. Stempien, J., granted summary judgment in favor of defendants. Plaintiff appealed. *Held:*

1. Article 7, § 4 of the Michigan Constitution is applicable to Wayne County and requires the listed officials to be elected to four-year terms.

2. The office of drain commissioner is not mentioned in the constitution, but the drain code provides that the term of office of the drain commissioner is to be four years. The trial court's grant of summary judgment must be affirmed.

Affirmed.

1. CONSTITUTIONAL LAW — CONSTITUTIONAL PROVISIONS — JUDICIAL CONSTRUCTION.

Constitutional provisions should be read as a whole, in context, and with an eye to harmonizing them so as to give effect to all.

2. CONSTITUTIONAL LAW — COUNTIES — COUNTY OFFICIALS — TERM OF OFFICE.

The Michigan Constitution of 1963 requires that county sheriffs, county clerks, county treasurers, registers of deeds, and prosecuting attorneys be elected for four-year terms of office; the fact that the constitution also provides that the law may permit the organization of county government in form different from that set forth in the constitution does not change the requirement that those elected county officials are to serve four-year terms of office (Const 1963, art 7, §§ 2, 4).

3. DRAINS — DRAIN COMMISSIONERS — TERM OF OFFICE.

The Drain Code provides that county drain commissioners are to be elected in the general elections and are to serve four-year terms of office (MCL 280.21[1]; MSA 11.1021[1]).

4. STATUTES — JUDICIAL CONSTRUCTION.

It is a fundamental rule of statutory construction that when two statutes encompass the same subject matter, one being general and the other specific, the latter will control.

5. STATUTES — JUDICIAL CONSTRUCTION.

A statute which can be construed as being consistent or inconsis-

tent with other statutory provisions should be construed by the courts as being consistent.

6. Appeal — Right Result for Wrong Reason.

A result reached by a trial court will not be disturbed on appeal where the court achieved the right result but assigned the wrong reason therefor.

*George E. Ward,* for plaintiff.

*Axe & Schwartz* (by *John R. Axe),* for Wayne County Election Commission, Lawrence N. Verbiest, and James R. Killeen.

*Swistak, Levine & Schwartz* (by *Jeffrey A. Supowit),* for Charles N. Youngblood.

Before: M. J. Kelly, P.J., and T. M. Burns and M. Warshawsky,* JJ.

Per Curiam. Plaintiff, William Lucas, is the elected Wayne County Chief Executive Officer. Defendant Lawrence Verbiest is the Wayne County Director of Elections, who was an original named defendant along with the Wayne County Election Commission. Wayne County Drain Commissioner Charles Youngblood and Wayne County Clerk James Killeen are intervening defendants who were joined to this action by stipulation.

The basic facts are uncontested. In the general Wayne County election in 1980, the sheriff, prosecuting attorney, county clerk, treasurer, register of deeds, and drain commissioner were all elected to four-year terms which expired on January 1, 1985. Wayne County adopted a home-rule charter which took effect on January 1, 1983, establishing a county government with a chief executive officer in accordance with the charter counties act, MCL 45.501 *et seq.;* MSA 5.302(1) *et seq.* The new

---

* Circuit judge, sitting on the Court of Appeals by assignment.

county charter provided that the involved elective offices were to be filled for only a two-year term, from January 1, 1985, to December 31, 1986. Thereafter the charter provided that successors to those offices would be elected for four-year terms, in the same general election during which the governor and the chief executive officer would be elected. The defendants maintained that the prior procedure whereby the officials are elected to four-year terms that are not concurrent with the term of the governor and the chief executive officer remained in effect in Wayne County pursuant to the 1963 Michigan Constitution and state statutes.

On February 16, 1984, plaintiff filed a complaint for declaratory relief, seeking to have the sheriff, the prosecuting attorney, county clerk, treasurer, register of deeds, and the drain commissioner all elected to two-year terms in the 1984 general election. Plaintiff also sought a declaration that art 7, § 4 of the Michigan Constitution does not apply to a county which approves a county charter pursuant to art 7, § 2 of the constitution. On September 25, 1984, the circuit court granted summary judgment in favor of defendants. Plaintiff appeals as of right.

We find that each of the officials involved was properly elected to a four-year term of office and that the trial court properly granted summary judgment in favor of each defendant.

The issue involved in this case is whether the Wayne County Charter provisions providing for temporary two-year terms of office are invalid because they conflict with state statutes or the state constitution. We note that the term of office of the drain commissioner is not affected by the Michigan Constitution, but is governed solely by statute. We will first consider the proper terms of office for the other positions involved.

Article 7 of the Michigan Constitution deals with local government. Section 1, 2 and 4 of article 7 provide as follows:

"Sec. 1. Each organized county shall be a body corporate with powers and immunities provided by law.

"Sec. 2. Any county may frame, adopt, amend or repeal a county charter in a manner and with powers and limitations to be provided by general law, which shall among other things provide for the election of a charter commission. *The law may permit the organization of county government in form different from that set forth in this constitution* and shall limit the rate of ad valorem property taxation for county purposes, and restrict the powers of charter counties to borrow money and contract debts. Each charter county is hereby granted power to levy other taxes for county purposes subject to limitations and prohibitions set forth in this constitution or law. Subject to law, a county charter may authorize the county through its regularly constituted authority to adopt resolutions and ordinances relating to its concerns.

"The board of supervisors by a majority vote of its members may, and upon petition of five percent of the electors shall, place upon the ballot the question of electing a commission to frame a charter.

"No county charter shall be adopted, amended or repealed until approved by a majority of electors voting on the question.

\* \* \*

"Sec. 4. *There shall be elected for four-year terms in each organized county a sheriff, a county clerk, a county treasurer, a register of deeds and a prosecuting attorney,* whose duties and powers shall be provided by law. The board of supervisors in any county may combine the offices of county clerk and register of deeds in one office or separate the same at pleasure." (Emphasis added.)

The language of Const 1963, art 7, § 4 is clear. That section mandates four-year terms for the

specified officials in each organized county. Wayne County is an organized county.

Plaintiff contends, however, that § 4 is inapplicable to Wayne County because of the language contained in the second sentence of art 7, § 2. Plaintiff contends that the constitution sets forth a commission form of government and that § 4 is merely one of the sections in the constitution which set forth that form. Plaintiff further argues that the Legislature has permitted a different form of organization of county government, *i.e.*, the executive form, and that Wayne County has adopted that form through its county charter. Therefore, plaintiff concludes that § 4 is inapplicable to Wayne County. We disagree.

Section 2 was a new section in the Constitution of 1963. It was apparently intended to enable counties to adjust their governmental structure to meet modern problems effectively. See *Oakland County Comm'r v Oakland County Executive,* 98 Mich App 639, 645, fn 1; 296 NW2d 621 (1980). Section 2 is not self-executing. *Oakland County Comm'r, supra,* p 646. The structural changes which may be adopted are limited to those which are authorized by legislative enactment. The Legislature is authorized to permit county government "in form different from that set forth in this constitution". We disagree with plaintiff's contention that § 4 is merely one of several provisions setting forth a constitutional commission form of government. Constitutional provisions should be read as a whole, in context, and with an eye to harmonizing them so as to give effect to all. *Oakland County Comm'r, supra,* 98 Mich App 639, 647. Section 4 requires elections for the enumerated offices in each organized county. Election of those officers is required regardless of the form of government which is chosen in a county. Section 4

should be read in context. The § 4 requirement of elected county officials is similar to the Const 1963, art 7, § 7 requirement that a board of supervisors be established in each organized county. In *Oakland County Comm'r, supra,* 98 Mich App 639, 648, this Court held that art 7, § 7 compels the formation of a board of commissioners in all organized counties without regard to the form of that organization. A review of Const 1963, art 7, §§ 10, 12, 14 and 15, reveals that the constitution clearly contemplates that a board of supervisors is necessary in each organized county. Section 10 provides for the removal of a county seat, § 12 provides for bridging or damming of navigable streams, § 14 provides for organization and consolidation of townships, and § 15 provides for county intervention in public utility rate proceedings. However, none of the aforementioned actions is possible without permission or authorization of the county board of supervisors. Thus, under the constitutional scheme, it is clear that the § 7 requirement that a board of supervisors be established is mandatory and is not negated by the § 2 grant of power to the Legislature to permit new forms of organization of county government. In the same manner that § 7 requires the establishment of a board of supervisors, § 4 requires the election of county officers. The similarity between § 4 and § 7 leads us to believe that the § 4 requirement is not negated by the § 2 grant of authority to the Legislature.

This interpretation of § 4 is consistent with the language of § 2. Section 2 was added to the constitution in order to allow home rule and to allow the Legislature to provide a means for counties to cope with modern problems. Section 2 states that the Legislature may permit the organization of county government "in form different from that

set forth in this constitution". Prior to the adoption of the Constitution of 1963, organized county governments existed in only a strict commission form.[1] A county with a strict commission form of government utilizes a board of commissioners (board of supervisors) as the sole governing body. Various officers are also utilized in order to carry out the functions of county government. No chief executive or county administrator exists in the governmental structure. Article 7, § 4 mandates the election of certain officers. Article 7, § 7 mandates the establishment of a board of commissioners. There is no constitutional provision which indicates that a county may not expand upon those requirements and include other boards, officers, or new positions. However, no county had adopted a structure which added significantly to the minimal requirements of the constitution. We believe that the language of § 2 was added to make it clear that the constitution allowed a structure different from those which had previously been instituted. The language was inserted in order to make it clear that counties could choose a structure with new positions differing from those required by the constitution. Pursuant to the authority conferred in Const 1963, art 7, § 2, the Legislature passed enabling legislation known as the charter counties act, MCL 45.501 *et seq.;* MSA 5.302(1) *et seq.* Counties may now adopt a charter wherein an executive assumes some of the func-

---

[1] In *Oakland County Comm'r, supra,* this Court implied that the term "form" as used in Const 1963, art 7, § 2 referred to "chartered" versus "unchartered" form. We note however that chartering is a process and not a form of government. We believe that art 7, § 2 allows for the establishment of county government *in forms other than strict commission.* While we disagree with the implication of the statement in *Oakland County Comm'r, supra,* p 648, that art 7, § 2 allows for the establishment of county government "in forms other than chartered", we express no opinion as to whether the adoption of any given form of government without use of a chartering process is constitutional, since that question is not now before us.

tions previously performed by either the board of commissioners or the other officers. While the act provides for a new form of county government with an executive, it also follows the remaining constitutional mandates. The act requires charters to provide for a county board of commissioners and the constitutionally mandated officers. See MCL 45.514(1)(a), (b) and (c); MSA 5.302(14(1)(a), (b) and (c).

We conclude the Const 1963, art 7, § 4 is applicable to Wayne County and that it requires the listed officials to be elected to four-year terms. We note that while the constitution requires the election of officers with four-year terms, the distribution of power among the county executive, the board of commissioners and the elected officials is a matter within the province of the Legislature. Art 7, §§ 4 and 8 do not delineate the scope of the powers and duties entrusted to the officers and to the board of commissioners. The scope of those powers and duties is to be determined by legislative enactment. See *Oakland County Comm'r, supra,* 649.

We next consider the term of office of the drain commissioner. MCL 280.21(1); MSA 11.1021(1) provides:

"At the general election to be held in November, 1976, and each fourth year thereafter, a county drain commissioner shall be elected in each county having a drain commissioner by the qualified electors of the county. The term of office of the commissioner shall begin on January 1 next following the drain commissioner's election and continue for a period of 4 years thereafter and until his or her successor is elected and qualified, whichever occurs earlier."

In addition to that section of the Drain Code, § 14(1)(g) of the charter counties act states that a

county charter must provide "[t]hat the general statutes and local acts of this state regarding counties and county officers shall continue in effect except to the extent that this act permits the charter to provide otherwise, if the charter does in fact provide otherwise". No provision of the act explicitly allows the charter to change the term of office of the drain commissioner and repeals by implication are not favored. *Ficano v Lucas,* 133 Mich App 268, 281; 351 NW2d 198 (1983), *lv den* 418 Mich 945 (1984). While § 15(h) of the charter counties act, MCL 45.415(h); MSA 5.302(15)(h), allows a county charter to provide for the election or appointment of a drain commissioner, the Drain Code provides a specific term of office.[2] If a county chooses to provide for an elected drain commissioner, the election must be held pursuant to the dictates of the Drain Code. It is a fundamental rule of statutory construction that when two statutes encompass the same subject matter, one being general and the other specific, the latter will control. *People v Shaw,* 27 Mich App 325, 326; 183 NW2d 390 (1970), *lv den* 385 Mich 760 (1971). It is also a settled principle of construction that where a statute can be construed as consistent or inconsistent with other statutory provisions, the courts should construe the provisions as being consistent with one another. *People v Knox,* 115 Mich App 508, 513; 321 NW2d 713 (1982). Thus, the drain commissioner is to be elected to a four-year term.

The trial court's opinion did not contain a separate analysis in regard to the drain commissioner.

---

[2] We believe that the reference to "appointment" was inserted in the charter counties act to allow counties to provide for appointment in those situations where it is allowable under the Drain Code. See, *e.g.,* MCL 280.24; MSA 11.1024. The Legislature did not intend to allow a county to avoid the election procedures established for the selection of a drain commissioner simply by instituting a new appointed position.

Since the office of drain commissioner is not mentioned in the constitution, plaintiff claims that the trial court "promoted" the office of drain commissioner to the status of a constitutional officer. While the trial court may not have based its decision that the drain commissioner was to be elected to a four-year term on statutory authority, this Court will affirm a decision which reaches the right result for the wrong reason. *DeWitt Twp v Clinton County,* 113 Mich App 709, 713; 319 NW2d 2 (1982). The facts of this case are not in dispute. The trial court's result was correct under the applicable statutes.

For all of the foregoing reasons, we conclude that the trial court's grant of summary judgment must be affirmed.

Affirmed.