Cavanagh, J.
(concurring). I concur with the result reached by the majority. Michigan does not have pure county home rule; rather, it specifically allows the Legislature to enact limitations on home rule counties. Because the Legislature is constitutionally empowered to regulate elections, plaintiffs’ contention that the requirement of partisan primary elections in Wayne County is unconstitutional must fail.
The Michigan Constitution provides that a county may adopt a charter “in a manner and with powers and limitations to be provided by general law.” Const 1963, art 7, § 2. This provision is not self-executing and must be implemented through legislative action. The enabling legislation for home rule counties requires the charter to provide for the partisan election of various county officials (county executive, sheriff, prosecutor, and so forth). MCL 45.514; MSA 5.302(14). It further provides that the “manner of nomination and election of home rule county officers shall be in all respects the same as that heretofore established for regular county officers,” MCL 45.516; MSA 5.302(16), that is, partisan.
This Court has explained: “The framers of the constitution specifically sought to preserve legislative restraints upon the scope of, and powers conferred by, county charters.” Ficano v Lucas, 133 Mich App 268, 277; 351 NW2d 198 (1983). While Ficano addressed a different issue than that raised by plaintiffs, the Ficano Court clearly recognized that the Legislature has the power to put limits on county charters under the constitutional provision pertaining to elective offices. See id. This Court also recognized the legislative limits on home rule counties in Lucas v *624 Wayne Co Election Comm, 146 Mich App 742; 381 NW2d 806 (1985).
Plaintiffs contend that MCL 168.576; MSA 6.1576, which prohibits voters from splitting their ballots in a primary election, is not a “general law” as used in Const 1963, art 7, § 2. In support of their argument, plaintiffs cite decisions from other states addressing “home rule” issues. However, the Ficano Court noted that, while the enabling legislation uses the term “home rule,” the “extensive limitations imposed on charter counties are inconsistent with any notion of pure county ‘home rule.’ ” Ficano, supra at 277, n 4. Significantly, plaintiffs do not discuss the differences between the Michigan Constitution and the constitutions of the other states on whose decisions they rely.
Plaintiffs also contend that MCL 168.576; MSA 6.1576 is not a “general law” because the election of Wayne County officials is a matter of purely local concern. However, in construing the applicability of legislative enactments to a home rule city, the Supreme Court has stated that the Legislature may “enact measures pursuant to the police power or pursuant to other general powers inherent in the state and to require municipalities to observe the same.” Local Union No 876, Int’l Brotherhood of Electrical Workers v State Labor Mediation Bd, 294 Mich 629, 636; 293 NW 809 (1940). The constitution empowers the Legislature to regulate all nominations and elections. See Const 1963, art 2, § 4. Thus, it appears that the manner of elections is a statewide concern. Furthermore, the challenged legislation is not limited to Wayne County, but applies to elections in all charter counties.
*625 Although I conclude that plaintiffs’ claims cannot be sustained under current law, I am sympathetic to their underlying argument that county elections, particularly in a home rule county, are primarily matters of local interest. I discern no compelling state interest served by requiring a county to utilize a partisan primary election to select its candidates for county offices, despite its preference for a nonpartisan primary for those races. While concurrently holding a partisan primary for statewide races and a nonpartisan primary for county races would undoubtedly complicate primary elections in the county, the difficulties do not seem insurmountable. In any case, dealing with the intricacies involved would fall to the county clerk and could be fully considered by a county contemplating the adoption of a nonpartisan primary for county races. Accordingly, I invite the Legislature to reconsider the laws mandating partisan primary elections in county races.