# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

CARLA SLEDGE,

        Defendant-Appellant.

UNPUBLISHED
July 5, 2016

No. 329626
Wayne Circuit Court
LC No. 14-008080-FH

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

STEVEN COLLINS,

        Defendant-Appellant.

No. 329686
Wayne Circuit Court
LC No. 14-008080-FH

Before: METER, P.J., and SHAPIRO and O'BRIEN, JJ.

PER CURIAM.

In these consolidated appeals, defendants were each charged by grand jury indictment with crimes arising out of alleged misconduct in the management of the Wayne County Jail Project. During the pendency of the project, from October 2010 until June 2013, defendant Carla Sledge was the Chief Financial Officer (CFO) for Wayne County and defendant Steven Collins served as an Assistant Wayne County Corporation Counsel. Counts 1 and 2 of the indictment charged defendants with the common law felony offense of misconduct in office, MCL 750.505, and Counts 3 and 4 charged defendants with willful neglect of duty, MCL 750.478. Defendants moved to dismiss their respective indictments. The trial court ruled that the indictment as to Sledge lacked the necessary specificity and directed the prosecution to file a bill of particulars. As to Collins, the trial court concluded that he was not a public officer, and so dismissed the

-1-

charges against him. In Docket No. 329626, Sledge appeals by leave granted[1] the trial court's decision in her case, and in Docket No. 329686, the prosecution appeals by right the trial court's decision in Collins' case. For the reasons stated in this opinion, we affirm in Docket No. 329626, and we affirm in part and reverse in part in Docket No. 329686.

## I. MISCONDUCT IN OFFICE

Both Sledge and Collins were charged with the common law felony of misconduct in office. As to each, the indictment reads:

**Count 1 . . . : Common Law Offenses**

on or between October, 2010 up to and including June, 2013, did commit an indictable offense at common law, to wit: Misconduct In Office by having a duty to fully and honestly inform a legislative body, to wit: the **Wayne County Commission**, and did intentionally testify, make statements, advise, communicate, create, and/or prevent, hinder and/or obstruct information to said legislative body, which contained materially false and/or misleading information involving the subject of said reporting duty, to wit: the cost(s) and/or financial status of the Wayne County Consolidated Jail Project; contrary to MCL 750.505. . . .

**Count 2 . . . : Common Law Offenses**

on or between October, 2010 up to and including June, 2013, did commit an indictable offense at common law, to wit: Misconduct In Office by having a duty to fully and honestly inform a legislative body, to wit: the **Wayne County Building Authority**, and did intentionally testify, make statements, advise, communicate, create, and/or prevent, hinder and/or obstruct information to said legislative body, which contained materially false and/or misleading information involving the subject of said reporting duty, to wit: the cost(s) and/or financial status of the Wayne County Consolidated Jail Project; contrary to MCL 750.505. . . . [Emphasis in original.]

MCL 750.505 provides that "[a]ny person who shall commit any indictable offense at the common law, for the punishment of which no provision is expressly made by any statute of this state, shall be guilty of a felony[.]" "The offense of misconduct in office was an indictable offense at common law." *People v Coutu (On Remand)*, 235 Mich App 695, 705; 599 NW2d 556 (1999). The elements of the common-law offense of misconduct in office are:

(1) the person must be a public officer, (2) the conduct must be in the exercise of the duties of the office or done under the color of the office, (3) the acts were

---

[1] *People v Sledge*, unpublished order of the Court of Appeals, entered January 4, 2016 (Docket No. 329626).

malfeasance or misfeasance, and (4) the acts must be corrupt behavior.  [*People v Carlin (On Remand)*, 239 Mich App 49, 64; 607 NW2d 733 (1999) (citing Perkins & Boyce, Criminal Law (3d ed.), pp. 540–545).]

At common law, a public officer could be convicted of misconduct in office "(1) for committing any act which is itself wrongful, malfeasance, (2) for committing a lawful act in a wrongful manner, misfeasance, or (3) for failing to perform any act that the duties of the office require of the officer, nonfeasance." *People v Perkins*, 468 Mich 448, 456; 662 NW2d 727 (2003). Further, as explained in *People v Milton*, 257 Mich App 467, 471; 668 NW2d 387 (2003):

> [C]orruption, as an element of misconduct in office, is used in the sense of depravity, perversion or taint.  Pursuant to the definitions [of depravity, perversion, and taint], a corrupt intent can be shown where there is intentional or purposeful misbehavior or wrongful conduct pertaining to the requirements and duties of office by an officer.  If the acts alleged against defendants demonstrate a tainted or perverse use of the powers and privileges granted them, or a perversion of the trust placed in them by the people of this state, . . . they are sufficient to sustain a charge of misconduct in office.  [Citations and quotation marks omitted; alterations in original.]

## A.  SLEDGE

The trial court found that with regard to Sledge, Counts 1 and 2 of the indictment:

> fail to identify the breach of duty by the defendant Sledge in providing financial information to the Wayne County Commission and/or [the Wayne County Building Authority] WCBA and to show that it was done with a corrupt intent and constitute misfeasance or malfeasance within the common law Misconduct of Office charge.  The Indictment [fails] to document the omissions, conduct, and actions by the defendant Sledge that would support the Misconduct in Office.

On appeal, Sledge asserts that the indictment should have been dismissed because she has no specific duty to "fully and honestly inform" the Wayne County Commission or the WCBA. In response, the prosecution argues that a specific duty is not required because misconduct in office can be committed if a defendant was acting under the color of his or her office.  We agree that the second element of misconduct in office does not require the prosecution to prove that defendant was exercising a duty specifically enjoined by law.  Instead, it is sufficient if the defendant was exercising a duty of his or her office or was acting "under the color of the office." *Carlin (On Remand)*, 239 Mich App at 64.  Thus, we reject Sledge's argument that the indictment is insufficient as a matter of law because it did not allege the existence of a specific, official duty that she was required by law to perform.

Nevertheless, we agree with the trial court that the indictment was deficient because it failed to identify with specificity what actions Sledge took or did not take that constituted misconduct in office and how those actions or inactions fall within her position's duties.  Rather than dismissing the indictment as to Sledge, however, the trial court granted the prosecution an opportunity to cure the deficiencies by filing a bill of particulars.  Sledge argues that allowing a

bill of particulars is not permissible because the indictment was insufficient as a matter of law. We, however, agree with the trial court that the indictment against Sledge can be amended or supplemented with a bill of particulars to cure the deficiency.

MCL 767.76 governs the amendment of indictments. It provides in pertinent part:

> . . . The court may at any time before, during or after the trial amend the indictment in respect to any defect, imperfection or omission in form or substance or of any variance with the evidence. If any amendment be made to the substance of the indictment or to cure a variance between the indictment and the proof, the accused shall on his motion be entitled to a discharge of the jury, if a jury has been impaneled and to a reasonable continuance of the cause unless it shall clearly appear from the whole proceedings that he has not been misled or prejudiced by the defect or variance in respect to which the amendment is made or that his rights will be fully protected by proceeding with the trial or by a postponement thereof to a later day with the same or another jury. . . .

"The statute does not authorize the court to permit the changing of the offense nor the making of a new charge by way of amendment. . . . It permits only cure of defects in the statement of the offense which is already sufficiently charged to fairly apprise the accused and the court of its nature." *People v Sims*, 257 Mich 478, 481; 241 NW 247 (1932). Thus, "[a] new offense may not be added to an [indictment] by a motion to amend." *People v McGee*, 258 Mich App 683, 688; 672 NW2d 191 (2003).[2] In addition, MCL 767.75 provides that an indictment shall not be:

> quashed, set aside or dismissed for any 1 or more of the following defects: (First) That there is a misjoinder of the parties accused; (Second) That there is a misjoinder of the offenses charged in the indictment, or duplicity therein; *(Third) That any uncertainty exists therein.* . . . If the court be of the opinion that the third defect exists in any indictment, it may order that the indictment be amended to cure such defect. [Emphasis added.]

Finally, MCR 6.112 provides in pertinent part:

> (E) **Bill of Particulars**. The court, on motion, may order the prosecutor to provide the defendant a bill of particulars describing the essential facts of the alleged offense.
>
> * * *
>
> (H) **Amendment of Information**. The court before, during, or after trial may permit the prosecutor to amend the [indictment] unless the proposed

---

[2] *McGee* dealt with the amendment of an information, not an indictment. However, MCR 6.112(A) provides that the rules and laws that apply to informations also apply to indictments.

-4-

amendment would unfairly surprise or prejudice the defendant. . . . [Emphasis in original.]

In this case, it is apparent that the ordered bill of particulars does not allow the prosecution to add a new charge or offense against Sledge. However, it does permit the prosecution to remedy the lack of specificity as to the existing charges. With this limitation, we find no error in the trial court's decision to permit the prosecution to file a bill of particulars. After the prosecution files its bill of particulars, Sledge may again challenge the sufficiency of the indictment[3] at which time the trial court will better be able to assess whether the alleged misconduct occurred while Sledge was exercising the duties of her office or acting under the color of her office. Further, the trial court will better be able to assess whether the third element of misconduct in office, corrupt behavior, was alleged with sufficient specificity.

## B. COLLINS

The trial court dismissed the misconduct in office charges against Collins after finding that as a matter of law Collins was not a public officer.[4] The first element of the common law offense of misconduct in office is that the defendant must be a public officer. *Carlin (On Remand)*, 239 Mich App at 64. Because Collins was not a public officer, we affirm.

In *People v Coutu*, 459 Mich 348, 354; 589 NW2d 458 (1999), our Supreme Court identified five elements to assist the courts in determining whether an individual is a public officer. The Court observed that to be considered a public officer, the individual's position must satisfy the following criteria:

(1) It must be created by the Constitution or by the legislature or created by a municipality or other body through authority conferred by the legislature; (2) it must possess a delegation of a portion of the sovereign power of government, to be exercised for the benefit of the public; (3) the powers conferred, and the duties to be discharged, must be defined, directly or impliedly, by the legislature or through legislative authority; (4) the duties must be performed independently and without control of a superior power other than the law, unless they be those of an inferior or subordinate office, created or authorized by the legislature, and by it

---

[3] Sledge also asserts that Counts 1 and 2 of the indictment should have been dismissed because MCL 750.505 expressly provides that it *does not* apply if the alleged misconduct is punishable under any other Michigan statute. She asserts that to the extent that Counts 1 and 2 sufficiently allege misconduct, the misconduct is punishable under MCL 750.478 (willful neglect of duty) and MCL 750.489 (false statement of public finances). We do not reach this issue because we find that the indictment lacks specificity and that the prosecution must file a bill of particulars to provide greater specificity. However, after the prosecution has filed its bill of particulars, Sledge may raise this argument anew before the trial court.

[4] The trial court found that unlike Collins, Sledge, in her role as CFO, was a public officer. Sledge did not challenge that finding on appeal, and we see no need to sua sponte address it.

placed under the general control of a superior officer or body; (5) it must have some permanency and continuity, and not be only temporary or occasional. [*Id.* (citation and quotation marks omitted).]

The existence of "[o]ath and bond requirements" may also assist in making this determination. *Id.* at 355.

We also consider MCL 15.181 which provides statutory definitions of the terms "public officer" and "public employee." MCL 15.181(e) defines a "public officer" as "a person who is *elected or appointed*[5] to any of the following:"

(*i*) An office established by the state constitution of 1963.

(*ii*) A public office of a city, village, township, or county in this state.

(iii) A department, board, agency, institution, commission, authority, division, council, college, university, school district, intermediate school district, special district, or other public entity of this state or a city, village, township, or county in this state. [Emphasis and footnote added.]

MCL 750.181(d) defines the term "public employee" as "an employee of this state, an employee of a city, village, township, or county of this state, or an employee of a department, board, agency, institution, commission, authority, division, council, college, university, school district, intermediate school district, special district, or other public entity of this state or of a city, village, township, or county in this state, but does not include a person whose employment results from election or appointment."

In light of the relevant factors and the statutory definitions, we agree with the trial court's conclusion that Collins was not a public officer. The Department of Corporation Counsel was created in § 4.311 of the Wayne County Charter which provides that "[t]he director of the department is the Corporation Counsel. The director and deputy director shall be attorneys licensed to practice law in Michigan."[6] By contrast, the position of assistant corporation council

---

[5] Wayne County Ordinances, § 40-3 defines an "appointed official" as "a public servant who is not elected, but rather is appointed by an elected official and holds either a compensated or uncompensated position."

[6] Based on the authority of Const 1963, art 7, § 2, "[a]ny county may . . . adopt . . . a county charter in a manner and with powers and limitations to be provided by general law. . . ." In accordance with 1966 PA 293, the Legislature enacted the charter counties act (CCA), MCL 45.501 *et seq*. "Every county adopting a charter under the provisions of [the CCA] shall be a body corporate." MCL 45.501. "Wayne County adopted a home-rule charter which took effect on January 1, 1983, establishing a county government with a chief executive officer in accordance with the [CCA.]" *Lucas v Wayne Co Election Comm*, 146 Mich App 742, 744; 381 NW2d 806 (1985); see also Wayne County Charter, § 1.112.

is not specifically referenced in the charter. Section 4.312 of the Wayne County Charter states that the Department of Corporation Counsel is to "provide legal services to the CEO, and all County agencies, and represent the County in all civil actions in which the County is a party," and § 4.313 permits the Wayne County Commission and CEO to "obtain the services of separate legal counsel on a temporary basis." However, the charter does not establish a permanent office of assistant corporation counsel or define qualifications, powers or duties pertaining to that office other than those that may be defined by the Corporation Counsel. Accordingly, Collins, in his role as assistant corporation counsel, is properly characterized as a public employee and not a public officer. Because he was not a public officer, the trial court did not err in dismissing the misconduct in office charges against him.

## II. WILLFUL NEGLECT OF DUTY

We next address whether the trial court erred in denying Sledge's motion to dismiss the charges of willful neglect of duty and in granting Collins' motion to dismiss the charges of willful neglect of duty.

Counts 3 and 4 of the indictment against Sledge and Collins provide:

**Count 3 . . . : Public Officer – Wilfull [sic] Neglect of Duty**

on or between October, 2010 up to and including June, 2013, did willfully neglect to perform the duty to fully and honestly inform a legislative body, to wit: the **Wayne County Commission**, a duty enjoined upon him by State law and/or the Wayne County Charter and/or Wayne County Ethics Ordinances; contrary to MCL 750.478. . . .

**Count 4: Public Officer – Wilfull [sic] Neglect of Duty**

on or between October, 2010 up to and including June, 2013, did willfully neglect to perform the duty to fully and honestly inform a legislative body, to wit: the **Wayne County Building Authority**, a duty enjoined upon him by State law and/or the Wayne County Charter and/or Wayne County Ethics Ordinances; contrary to MCL 750.478. . . . [Emphasis in original.]

MCL 750.478 provides:

When any duty is or shall be enjoined by law upon any public officer, or upon any person holding any public trust or employment, every willful neglect to perform such duty, where no special provision shall have been made for the punishment of such delinquency, constitutes a misdemeanor[.]

Thus, the statute provides that to convict a defendant, the prosecution must establish (1) that the defendant was a public officer or "any person holding any public trust or employment," (2) that the defendant had a duty that is "enjoined by law," and (3) that the defendant willfully neglected to perform such duty. MCL 750.478.

In this case, the indictment identifies a very lengthy timeframe and wholly fails to identify what duty defendants allegedly were enjoined by law to perform. Instead, it asserts in general terms that state law, the Wayne County Charter, or the Wayne County Ethics Ordinances enjoined a duty upon defendants to fully and honestly inform the Wayne County Commission and the WCBA. There is nothing in Counts 3 and 4 that identify with any specificity what topics defendants were required to report upon, nor is it clear which portions, if any, of the cited legal authorities established the duty to report.

The trial court rightly found that, with respect to Sledge, the willful neglect of duty charges were deficient and it allowed for the prosecution to cure the defect by filing a bill of particulars. For the same reasons that the bill of particulars was proper with regard to the misconduct in office charges, we also conclude that the order to file a bill of particulars is proper with regard to the willful neglect of duty charges against Sledge.

The trial court, however, found that a bill of particulars would be unable to cure the deficiencies in willful neglect of duty charges against Collins and appeared to conclude that the charges were inapplicable to him because he was a public employee, not a public officer. We disagree. As it is written, the indictment asserts all of the requirements of the charge of willful neglect of duty. That is, it provides that Collins was enjoined by law to perform a duty and that he willfully neglected to perform said duty. What it lacks is specificity. Although the court concluded that Collins' only duty was to provide legal advice to the WCBA, without greater specificity in the indictment, it is impossible to determine whether the duty to provide legal advice was in fact breached. Accordingly, although the charges of willful neglect of duty against Collins are deficient, the prosecution should be allowed the opportunity to cure the defects in a bill of particulars.

## III. CONCLUSION

We affirm the trial court's order denying Sledge's motion to dismiss and ordering the prosecution to file a bill of particulars. We also affirm the trial court's order granting Collins' motion to dismiss the misconduct in office charges, but reverse the trial court's dismissal of the charges of willful neglect of duty against Collins, and remand for further proceedings. On remand, the trial court shall allow each defendant the opportunity to challenge the sufficiency of the indictment after the respective bill of particulars has been filed. We do not retain jurisdiction.

/s/ Patrick M. Meter
/s/ Douglas B. Shapiro
/s/ Colleen A. O'Brien