## OMBRELLO v MONTGOMERY WARD LONG TERM DISABILITY TRUST

Docket No. 93735. Submitted May 6, 1987, at Marquette. Decided October 20, 1987. Leave to appeal applied for.

Donald D. Ombrello began working for Montgomery Ward and Company, Inc., in 1963. In 1975, he suffered a neck injury when he fell while carrying a roll of carpeting or linoleum. After periods of being on and off work in various capacities, Ombrello was forced to stop working due to the injuries suffered in the 1975 fall. Ombrello had received workers' compensation benefits while still employed by Wards during those periods when he was off work because of his condition. After his last departure from Wards in 1977, however, the workers' compensation benefits were terminated. Ombrello again petitioned the Bureau of Workers' Disability Compensation for benefits, but his claim was redeemed for $40,000, $8,000 of which was allocated for attorney fees and eighty percent of the remainder was allocated for medical expenses. Furthermore, it was understood that the amount allocated for medical expenses would not be offset against any benefits received by Ombrello from the long-term disability plan provided to Wards employees and administered by Montgomery Ward Long Term Disability Trust. Under the long-term disability plan, a participant's benefits were to be determined pursuant to a formula which deducted any monies received from other sources, such as workers' compensation

REFERENCES

Am Jur 2d, Costs §§ 72 et seq.

Am Jur 2d, Master and Servant §§ 134 et seq.

Am Jur 2d, Parties §§ 92 et seq.

Am Jur 2d, Workmen's Compensation §§ 240 et seq.

Validity, construction, and application of rule 19(b) of Federal Rules of Civil Procedure, as amended in 1966, providing for determination to be made by court to proceed with or dismiss action when joinder of person needed for just adjudication is not feasible. 21 ALR Fed 12.

Attorney's liability under state law for opposing party's counsel fees. 56 ALR4th 486.

Date from which interest on judgment starts running, as affected by modification of amount of judgment on appeal. 4 ALR3d 1221.

and social security. Disability for the first twenty-four month period was defined as the inability to perform the duties of one's own occupation. After twenty-four months, disability was defined as the inability to engage in any substantially gainful occupation for which the participant is, or may reasonably become, qualified by reason of his education, experience or training. Ombrello received plan benefits for the first twenty-four months, but was denied benefits beyond that time. Ombrello filed suit against *Montgomery Ward Long Term Disability Trust and Montgomery Ward and Company, Inc.*, in Marquette Circuit Court seeking payment of additional benefits under the plan. The court, Edward A. Quinnell, J., held that the trust's decision to terminate Ombrello's disability benefits was not supported by substantial evidence. Ombrello was awarded benefits from the date benefits were terminated up to the date of trial. The court also ordered that Ombrello's benefits be offset by the amounts he received through workers' compensation and social security, excluding those amounts allocated for medical expenses. A judgment was entered in favor of Ombrello for $7,701 plus costs and interest. The court held that Ombrello was not entitled to actual costs as a result of defendants' rejection of a mediation award. Defendants appealed. Plaintiff cross-appealed, asserting that the trial court erred in ruling that plaintiff was not entitled to actual costs.

The Court of Appeals *held:*

1. The trial court did not err in its determination that the trust's decision denying plaintiff's claim for long-term disability benefits was not supported by substantial evidence.

2. No error requiring reversal occurred in the trial court's acceptance of new evidence. The court's determination was not based on any new evidence which may have been presented.

3. The trial court did not abuse its discretion in denying defendant Montgomery Ward's motion to be dismissed from the action.

4. The trial court did not err in determining that the trust could offset only $6,400 of the workers' compensation award from plaintiff's disability payments.

5. The trial court erred in awarding interest on the judgment from the date each benefit payment was due. Interest should be awarded on the judgment from the date of filing of the complaint. The trial court also should have calculated the adjusted verdict by adding to the verdict the assessable costs and interest on the amount of the verdict from the time of the filing of the complaint to the date of the mediation evaluation. It is necessary to remand this case to the trial court to award

judgment interest from the date of filing of the complaint and to reexamine whether plaintiff is entitled to costs.

Affirmed in part, reversed in part and remanded.

1. MASTER AND SERVANT — PENSION PLANS — DENIAL OF BENEFITS — APPEAL.

Judicial review of a determination of eligibility of an employee for benefits under a pension plan is limited to determining whether a decision of the committee or trustees administering the plan was arbitrary or capricious, made in bad faith, not supported by substantial evidence, or erroneous as a matter of law.

2. MASTER AND SERVANT — PENSION PLANS — DENIAL OF BENEFITS — APPEAL — NEW EVIDENCE.

A court in an action under the Employee Retirement Income Security Act challenging a denial of pension benefits cannot hold a de novo factual hearing on the question of eligibility, but must focus on the evidence before the pension fund trustees at the time of their final determination; if there is new evidence not considered by the pension fund trustees, the matter should be remanded for a new determination (29 USC 1001 *et seq.*).

3. PARTIES — JOINDER — DISMISSAL.

The decision whether to drop or add a party to an action rests within the discretion of the trial court (MCR 2.207).

4. COSTS — ATTORNEY FEES — REJECTION OF MEDIATION EVALUATION.

A party who rejects a mediation award must pay the opposing party's actual costs unless the verdict at trial is more favorable to the rejecting party than the mediation evaluation; the verdict is considered more favorable to the defendant if it is more than ten percent below the evaluation after adjusting the verdict by adding to it the assessable costs and interest from the time of the filing of the complaint to the date of the mediation evaluation (MCR 2.403[O][2]).

5. INTEREST — JUDGMENTS — DISABILITY BENEFITS.

Interest on a judgment holding that a disabled employee is entitled to long-term disability benefits under the terms of a long-term disability trust is to be awarded from the date of the filing of the complaint, not from the date each benefits payment was due (MCL 600.6013; MSA 27A.6013).

*Shafer, Koch & Juidici, P.C.* (by *Kevin Wm. Koch*), for plaintiff.

*Crippen, Urquhart, Cmejrek & Weber,* for defendant.

Before: J. H. GILLIS, P.J., and SULLIVAN and M. J. TALBOT,* JJ.

PER CURIAM. Defendants Montgomery Ward Long Term Disability Trust (LTD Trust) and Montgomery Ward and Company, Inc., appeal as of right from a decision of the Marquette Circuit Court awarding plaintiff long-term disability benefits in accordance with an employment trust agreement. Plaintiff cross-appeals from the circuit court's decision denying plaintiff actual costs following defendants' rejection of a mediation award.

Plaintiff, who has only an eighth-grade education but has attained his GED certificate, began working for Montgomery Ward in 1963. In June of 1975, plaintiff suffered a neck injury when he fell while carrying a roll of carpeting or linoleum. Plaintiff was diagnosed as having minimal spondylitic (inflammation) changes with a tiny chip fracture of one vertebra. The injury caused a loss of sensation in plaintiff's lower extremities whenever he flexed his neck forward. As a result, plaintiff is unstable on his feet and has an increased risk of falling down.

Plaintiff was medically restricted from returning to his previous position as a heating and plumbing salesperson with Montgomery Ward because that position required him to go under basement rafters and into crawl spaces to inspect and install equipment. In September of 1975, plaintiff returned to work as an on-the-floor salesperson; however, he had to leave the position in the spring of 1977 due to work-related pressures and aggrava-

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

tion of the injury caused by lifting heavy merchandise. Plaintiff attempted to work as a salesperson in the automotive department in the fall of 1977, but was forced to leave that position after only one week because of his condition. Plaintiff has not worked for Montgomery Ward or any other employer since that time.

Plaintiff received workers' compensation during these periods of unemployment; however, plaintiff's benefits were terminated following his last departure from work. Plaintiff again petitioned the Bureau of Workers' Disability Compensation for benefits, and his claim was redeemed for $40,000 prior to instituting this action. Eight thousand dollars of the award was allocated for attorney fees and eighty percent of the remaining $32,000 was allocated for medical expenses, past, present and future. Plaintiff agreed to redeem his workers' compensation claim with the understanding that the amount allocated for medical expenses would not be offset against any benefits received from the long-term disability plan provided to Montgomery Ward employees and administered by the LTD Trust.

The long-term disability plan was an employee benefit plan within the meaning of § 501(c)(9) of the Internal Revenue Code and the Employee Retirement Income Security Act, 29 USC 1001 *et seq.* Under the plan, a participant's benefits were to be determined pursuant to a formula which deducted any monies received from other sources such as workers' compensation and social security. Disability for the first twenty-four-month period was defined as the inability to perform the duties of one's own occupation. After twenty-four months, disability was defined as the inability to engage in any substantially gainful occupation for which the participant is, or may reasonably become, qualified

by reason of his education, experience or training. Plaintiff received benefits for the first twenty-four months, but was denied benefits beyond that time period. Plaintiff appealed the denial of benefits, and the LTD Trust's Benefits Committee ultimately affirmed the Medical Board's decision denying plaintiff long-term disability benefits.

Thereafter, plaintiff filed the instant action in circuit court. Following a bench trial, the circuit court held that LTD Trust's decision to terminate plaintiff's disability benefits was not supported by substantial evidence. Plaintiff was awarded benefits from November 2, 1979, when benefits were terminated, up to the date of trial. It was further ordered that plaintiff's benefits be offset by the amounts he received through workers' compensation and social security, excluding those amounts allocated for medical expenses. A judgment was entered in favor of plaintiff for $7,701 plus costs and interest. The trial court also held that plaintiff was not entitled to actual costs as a result of defendants' rejection of the mediation award. Defendants appeal as of right, raising several claims of error. Plaintiff has cross-appealed, asserting that the trial court erred in ruling that plaintiff was not entitled to actual costs.

First, defendants argue that the trial court erred in determining that LTD Trust's decision denying plaintiff's claim for long-term disability benefits was not supported by substantial evidence. We disagree.

Judicial review of a determination of eligibility of an employee for benefits under a pension plan is limited to determining whether a decision of the committee or trustees administering the plan was arbitrary or capricious, made in bad faith, not supported by substantial evidence, or erroneous as a matter of law. *Sedman v Michigan Bell Tele-*

*phone Co,* 125 Mich App 761, 767; 336 NW2d 868
(1983); *Harris v New Haven Foundry, Inc,* 120
Mich App 629, 630-631; 327 NW2d 540 (1982);
*Wardle v Central States, Southeast & Southwest
Areas Pension Fund,* 627 F2d 820, 823-824 (CA 7,
1980), cert den 449 US 1112; 101 S Ct 922; 66 L Ed
2d 841 (1981); *Bayles v Central States, Southeast &
Southwest Areas Pension Fund,* 602 F2d 97, 99
(CA 5, 1979).

In the instant case, plaintiff's eligibility for dis-
ability benefits after twenty-four months was
based upon a determination whether plaintiff was
able to engage in any substantially gainful occupa-
tion for which he is, or may reasonably become,
qualified by reason of his education, experience or
training. The trial court, in reviewing the decision
of the LTD Trust to terminate plaintiff's benefits,
found that the decision was not supported by
substantial evidence. We agree with the trial
court's determination.

The evidence indicated that plaintiff had only an
eighth-grade education. Although plaintiff had ob-
tained his GED certificate, he had only minimal
work experience and training. Furthermore, a re-
view of plaintiff's medical reports indicates that he
is incapable of engaging in substantially gainful
employment. The medical reports clearly indicate
that plaintiff is severely restricted in the activities
which he can perform. Plaintiff cannot lift heavy
objects, bend his neck forward or look down, stand
or drive for long periods of time, be in a position to
strike the back of his head or neck, or work in a
position of high stress or responsibility.

In addition, LTD Trust's reliance on the Equifax
reports in deciding to terminate plaintiff's benefits
was erroneous. The reports contained hearsay in-
formation which was gathered by an investigator.
In addition, much of the information contained in

the reports appears to be unreliable and unsubstantiated.

In light of the recommendations contained in the medical reports, and the deficiencies in the Equifax reports, we conclude that LTD Trust's decision to terminate plaintiff's disability benefits was not supported by substantial evidence. The trial court did not err in reversing the decision of the LTD Trust.

Next, defendants argue that the trial court erred by conducting a de novo hearing and acting as a factfinder in determining that LTD Trust's decision was not supported by substantial evidence. In *Wardle, supra,* the Seventh Circuit Court of Appeals held that, in an action under ERISA challenging a denial of benefits, a court must focus on the evidence before the pension fund trustees at the time of their final determination. The reviewing court cannot hold a de novo factual hearing on the question of eligibility. In general, a court should not resolve the eligibility question on the basis of evidence which was never considered by the pension fund trustees. Rather, the matter should be remanded for a new determination. *Wardle, supra,* p 824. See also *Phillips v Kennedy,* 542 F2d 52, 54-55 (CA 8, 1976).

In the instant case, the trial court clearly focused on the evidence before the LTD Trust in making its determination. Although some additional evidence was presented to the trial court, we note that this limited amount of new evidence was presented by both plaintiffs and defendants. It is apparent that the trial court's determination was not based on any new evidence which may have been presented. Rather, the trial court considered the medical reports and Equifax reports which were presented to the LTD Trust and determined that the trust's conclusions were not sup-

ported by substantial evidence. Accordingly, no error requiring reversal occurred.

Defendants also assert that the trial court erred in refusing to dismiss defendant Montgomery Ward from the instant action. Prior to trial, defendant Montgomery Ward moved to be dismissed from the instant action on the ground that it was a separate entity from defendant LTD Trust and was not a party to the agreement between plaintiff and the trust. The trial court denied defendant's motion.

The decision whether to drop or add a party to an action rests within the discretion of the trial court. See MCR 2.207. In the instant case, the trial court did not abuse its discretion in denying defendant Montgomery Ward's motion to be dismissed.

Pursuant to the Long Term Disability Plan, the Benefit Plans Committee was a subdivision of Montgomery Ward. Montgomery Ward had the sole authority to amend or terminate the plan. It also had the power to appoint or remove committee members who were charged with administering the trust. The committee appointed and removed the trustees who in turn managed and controlled the trust fund. Further, the trust funds could be commingled with other similar trust funds of Montgomery Ward, and the trust administrators were to be indemnified by Montgomery Ward for any liability incurred in performing their duties. Finally, the secretary of Montgomery Ward was the appointed agent for accepting service of legal process against the LTD Trust. In light of the extensive and intimate relationship between Montgomery Ward and the LTD Trust, we conclude that the trial court did not abuse its discretion in denying defendant Montgomery Ward's motion to be dismissed from the action.

Lastly, defendants argue that the trial court

erred in holding that the LTD Trust could not use the full $32,000 of plaintiff's workers' compensation award to offset the disability benefits due to plaintiff in accordance with the trust plan. Prior to redeeming his workers' compensation claim, plaintiff sought assurances from Montgomery Ward that the amounts allocated to attorney fees and medical expenses would not be used to offset any benefits received under the disability plan. After receiving such assurances from Montgomery Ward, plaintiff redeemed his workers' compensation claim for $40,000. According to the redemption order, $8,000 was for attorney fees and eighty percent of the remaining $32,000 was allocated for medical expenses. The trial court allowed defendant LTD Trust to offset only $6,400 of the workers' compensation award.

We conclude that the trial court did not err in determining that the LTD Trust could only offset $6,400 of the award from plaintiff's disability payments. As previously noted, Montgomery Ward and the LTD Trust shared an intimate and extensive relationship. Furthermore, plaintiff contacted the head analyst at Montgomery Ward, who represented herself to be speaking on behalf of LTD Trust, and received assurances that the amount allocated for medical expenses would not be offset against any disability benefits received. Under these circumstances, we conclude that the LTD Trust is estopped from asserting that it is entitled to offset the full $32,000 received by plaintiff through redemption of plaintiff's workers' compensation claim. See *In re Dissolution of F Yeager Bridge & Culvert Co,* 150 Mich App 386, 394-395; 389 NW2d 99 (1986), and *Cook v Grand River Hydroelectric Power Co, Inc,* 131 Mich App 821, 828; 346 NW2d 881 (1984).

Finally, in a cross-appeal, plaintiff asserts that

the trial court erred in denying plaintiff actual costs following defendants' rejection of the mediation award. Pursuant to MCR 2.403(O)(1), a party who rejects a mediation award must pay the opposing party's actual costs unless the verdict at trial is more favorable to the rejecting party than the mediation evaluation. The verdict is considered more favorable to defendants if it was more than ten percent below the evaluation after adjusting the verdict by adding to it the assessable costs and interest from the time of the filing of the complaint to the date of the mediation evaluation. MCR 2.403(O)(2). The purpose of the mediation court rule is to place the cost of litigation upon the party who insists upon trial by rejecting a mediation award. *Bien v Venticinque,* 151 Mich App 229, 232; 390 NW2d 702 (1986).

In the instant case, the trial court awarded interest on the judgment from the date each benefit payment was due in accordance with *Drake v Norge Division, Borg-Warner Corp,* 367 Mich 464, 466; 116 NW2d 842 (1962). We conclude that the trial court erred in calculating the interest in this fashion.

Pursuant to MCL 600.6013; MSA 27A.6013, interest should have been awarded on the judgment from the date of the filing of the complaint. Such a holding is consistent with this Court's decisions in *Om-El Export Co, Inc v Newcor, Inc,* 154 Mich App 471, 480-481; 398 NW2d 440 (1986), lv den 426 Mich 878 (1986), and *Hay v City of Highland Park,* 134 Mich App 624, 637; 351 NW2d 622 (1984) (judgment interest should be awarded on the net increase in pension amounts due plaintiff).

Further, in determining whether plaintiff is entitled to costs pursuant to the mediation court rule (MCR 2.403), the trial court should have calculated the adjusted verdict by adding to the verdict the

assessable costs and interest on the amount of the verdict from the filing of the complaint to the date of the mediation evaluation. MCR 2.403(O)(2). Accordingly, it is necessary to remand this case to the trial court to award judgment interest from the date of the filing of the complaint and to reexamine whether plaintiff is entitled to costs under MCR 2.403(O).

Affirmed in part, reversed in part and remanded for further proceedings in conformity with this opinion. We do not retain jurisdiction.